**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| DR. MIKE REDFORD, | : | HABEAS CORPUS |
| Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
| v. | : | |
| | : | |
| T. J. CONLEY, Warden, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:17-CV-0095-WSD-JFK |

**UNITED STATES MAGISTRATE JUDGE'S ORDER
AND FINAL REPORT AND RECOMMENDATION**

Petitioner challenges via 28 U.S.C. § 2254 the constitutionality of his alleged April 2, 2002, Gwinnett County conviction for reckless conduct.  The matter is before the Court on submission of the Court's Order that required Petitioner to pay the required filing fee or to apply for *in forma pauperis* status [2]; on Petitioner's motions for a jury trial [3], an evidentiary hearing [4], invocation of discovery [5], appointment of counsel [6], invocation of an investigation [7], and for a three judge court [8]; and *sua sponte* on review of the petition under Rule Four.  See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").  For the reasons stated below, the undersigned recommends

AO 72A
(Rev.8/82)

that this action should be dismissed for failure to obey a lawful court order and for failure to state any viable claim for federal habeas corpus relief.

## I.   Discussion

### A.   Failure to Obey

By Order entered on January 27, 2017, the Court ordered Petitioner within thirty days to pay the statutory $5.00 filing fee or provide an *in forma pauperis* application, which was provided to Petitioner by the Clerk of Court. (See Order of Jan. 27, 2017, ECF No. 2).  The undersigned advised Petitioner that failure to comply with that directive could result in the dismissal of the action and directed the Clerk to resubmit this action at the expiration of the specified time period.  (Id. at 1-2).

The time period has expired.  As of March 17, 2017, the records of the Clerk of Court indicate that Petitioner has not submitted the applicable filing fee or a financial affidavit as ordered.  In light of the Court's recent Order and Petitioner's prior actions filed in this Court, Petitioner is well aware of filing fee and *in forma pauperis* requirements.  Based on Petitioner's failure to comply, this action is subject to dismissal for failure to obey a lawful court Order.

**B.      Failure to State a Claim**

Petitioner currently is serving a ten-year term of imprisonment based on his Douglas County convictions for aggravated stalking.   See www.dcor.state.ga.us (follow "Find an Offender" hyperlink, GDC ID Number 1207476) (last visited Mar. 17, 2017); see also Redford v. State, 335 Ga. App. 682, 683, 782 S.E.2d 791, 792 (2016), cert. denied, _ U.S. _, 137 S. Ct. 392 (2016).  In the instant action, Petitioner states that he is challenging his April 2, 2002, Gwinnett County judgment of "conviction" for reckless conduct.  (Pet. at 1, ECF No. 1).  Petitioner states that the result in that action was a nolle prosequi decision and for relief asks that the nolle prosequi decision be vacated.  (Id. at 2 and "Relief Sought").

Under § 2254(a), a federal court may issue a writ of habeas corpus on behalf of a person held in custody pursuant to a judgment of a state court if that person is held in violation of his rights under federal law.   As a matter of federal jurisdiction, a federal habeas corpus petitioner must be "'in custody' under the conviction or sentence under attack at the time his petition is filed."  Diaz v. State of Fla. Fourth Judicial Circuit ex rel. Duval Cnty., 683 F.3d 1261, 1264 (11th Cir. 2012) (quoting Maleng v. Cook, 490 U.S. 488, 490-91 (1989)) (internal quotation marks omitted).

3

Under Georgia law, O.C.G.A. § 17-8-3, "[n]olle prosequi is the State's formal action on its decision not to further prosecute an indictment." Buice v. State, 272 Ga. 323, 324, 528 S.E.2d 788, 789 (2000) (citation omitted). Absent a decision by the court within the same term of court to vacate a judgment of nolle prosequi, the "entry of a nolle prosequi terminates the prosecution" and "the State cannot try a defendant on a charge that has been nol prossed." Id., 272 Ga. at 324, 326, 528 S.E.2d 788, 789, 791.

Here, Petitioner simply fails to show that he is in custody based on the 2002 nolle prosequi. See Turney v. Price, No. 5:13-CV-01100-LSC-JHE, 2016 WL 1394363, at *1 (N.D. Ala. Feb. 26, 2016) (finding that the petitioner failed to show that he was in custody after order of nolle prosequi was entered); Brewer v. Escambia Cty. Sheriff's Dep't, No. 3:15-CV-550-LC-GRJ, 2016 WL 1084720, at *1 (N.D. Fla. Feb. 18, 2016) (same).[1]

---

[1]Additionally, although re-indictment after a nolle prosequi is possible, the time for re-indicting Petitioner for his reckless conduct in or before 2002 has passed. See O.C.G.A. § 16-5-60 (criminalizing reckless conduct); O.C.G.A. § 17-3-1(c) & (e) (requiring prosecution within two years of commission of misdemeanor reckless conduct and within four years of commission of felony reckless conduct, or seven years if the victim was a minor).

4

## II.   Certificate of Appealability ("COA")

Under Rule 11 of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  The Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Melton v. Sec'y, Fla. Dep't of Corr., 778 F.3d 1234, 1236 (11th Cir. 2015) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted), cert. denied, _ U.S. _, 136 S. Ct. 324 (2015).

> "When the district court denies a habeas petition on procedural grounds . . . a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Damren v. Florida, 776 F.3d 816, 820 (11th Cir. 2015) (quoting Slack, 529 U.S. at 484), cert. denied, _ U.S. _, 137 S. Ct. 830 (2017).

5

The undersigned recommends that a COA should be denied because it is not debatable that Petitioner has both failed to obey a lawful court order and has failed to state a claim for federal habeas corpus relief.  If the Court adopts this recommendation and denies a COA, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."  Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

## III.   Conclusion

Accordingly,

**IT IS ORDERED** that Petitioner's motions for a jury trial [3], an evidentiary hearing [4], invocation of discovery [5], appointment of counsel [6], invocation of an investigation [7], and for a three judge court [8] are **DENIED** as moot.

It is **RECOMMENDED** that the instant petition for a writ of habeas corpus [1] and a COA be **DENIED** and that the instant action be **DISMISSED**.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 20th day of March, 2017.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)