# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

DR. MIKE REDFORD,

       Petitioner,

v.

T.J. CONLEY, Warden,

       Respondent.

1:17-cv-95-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Janet F. king's Final Report and Recommendation [9] ("R&R"), recommending that Petitioner Dr. Mike Redford's ("Petitioner") Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [1] ("Section 2254 Petition") be denied, that this action be dismissed, and that a certificate of appealability be denied. Also before the Court are Petitioner's Objections [11] to the R&R.

## I. BACKGROUND

On December 28, 2016, Petitioner filed his Section 2254 Petition, purporting to challenge his 2002 "conviction," in Gwinnett County state court, for reckless conduct. Although Petitioner states that he was sentenced to "six months" for his "conviction," he also states that the Gwinnett County state court entered an order

of nolle prosequi dismissing the charges against him.  ([1] at 1-2).  Petitioner seeks

to "vacate [his] Gwinnett County 2002 reckless conduct nolle prosequi."  ([1] at 2,

10).  Petitioner currently is serving a ten-year term of imprisonment for state court

aggravated stalking convictions in Douglas County.  (R&R at 3); see Redford v.

State, 782 S.E.2d 791 (Ga. Ct. App. 2016).

On January 27, 2017, the Magistrate Judge ordered Petitioner, within

thirty days, to pay the required filing fee or seek leave to proceed

*in forma pauperis* ("IFP").  ([2] ("January 27 Order")).  The Magistrate Judge

warned Petitioner that his failure to comply with these instructions would result in

dismissal of this action.  ([2]).  On March 20, 2017, the Magistrate Judge issued

her R&R, recommending that this action be dismissed for failure to comply with

her January 27 Order and for failure to state a claim.  On March 27, 2017,

Petitioner filed his Objections to the R&R.

## II.    DISCUSSION

### A.    Legal Standard

After conducting a careful and complete review of the findings and

recommendations, a district judge may accept, reject, or modify a magistrate

judge's report and recommendation.  28 U.S.C. § 636(b)(1);

Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S.

1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984). Although Petitioner's Objections are incoherent and frivolous, and are not required to be considered, the Court elects to conduct a *de novo* review of the record. See Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court.").

B.    Analysis

1.    Petitioner's Section 2254 Petition

Petitioner's Section 2254 Petition seeks to "vacate [his] Gwinnett County 2002 reckless conduct nolle prosequi." ([1] at 2, 10). Section 2554 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the

United States." 28 U.S.C. § 2254(a). "A federal habeas petitioner must be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Diaz v. State of Florida Fourth Judicial Circuit ex rel. Duval Cty., 683 F.3d 1261, 1264 (11th Cir. 2012). "Nolle prosequi is the State's formal action on its decision not to further prosecute an indictment." Buice v. State, 528 S.E.2d 788, 789 (Ga. 2000) (citation omitted). "It is well established that entry of a nolle prosequi terminates the prosecution pending on that indictment and that the State cannot try a defendant on a charge that has been nol prossed." Id.

The Magistrate Judge found, and the Court agrees, that "Petitioner simply fails to show that he is in custody based on the 2002 nolle prosequi" that he challenges in this action. (R&R at 4). The nolle prosequi "terminate[d] the [Gwinnett County] prosecution" against Petitioner in 2002, and thus did not result in a conviction or sentence of confinement. Even if it did, Petitioner has not shown that he remains in custody pursuant to any conviction or sentence imposed in the Gwinnett County state court case. The evidence shows that Petitioner's Section 2554 Petition was filed when he was in custody pursuant to aggravating stalking convictions in Douglas County state court. Petitioner remains in custody pursuant to these convictions, the validity of which he does not challenge in this action. Petitioner's Section 2554 Petition is denied because he has not shown he

4

was "'in custody' under the conviction or sentence under attack at the time his petition [was] filed." Diaz, 683 F.3d at 1264; see Brewer v. Escambia Cty. Sheriff's Dep't, No. 3:15-CV-550-LC-GRJ, 2016 WL 1084720, at *1 (N.D. Fla. Feb. 18, 2016) (finding that the *pro se* petitioner failed to show he was "in custody" pursuant to a state court judgment because "the disposition for the charge against Petitioner for the offense identified in her Petition was nolle prosequi").[1]

2.  Certificate of Appealability

A federal habeas "applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing Section 2254 Cases in the United States District Courts, Rule 11(a). A court may issue a certificate of appealability "only if the applicant

---

[1]    This case also requires dismissal for failure to pay the required filing fee or to seek permission to proceed IFP, in violation of the Magistrate Judge's January 27 Order. See LR 41.3(A)(2), NDGa (permitting the court to "dismiss a civil case for want of prosecution if . . . [a] plaintiff . . . fail[s] or refuse[s] to obey a lawful order of the court in the case"); see also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion"). Although Petitioner states, in his Objections, that he paid the fee required to initiate this action, he has not submitted, and the Court has not found, any evidence supporting this assertion.

has made a substantial showing of the denial of a constitutional right."

28 U.S.C. § 2253(c)(2).  A substantial showing of the denial of a constitutional

right "includes showing that reasonable jurists could debate whether (or, for that

matter, agree that) the petition should have been resolved in a different manner or

that the issues presented were adequate to deserve encouragement to proceed

further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

> When the district court denies a habeas petition on procedural
> grounds . . . , a [certificate of appealability] should issue when the
> prisoner shows, at least, that jurists of reason would find it debatable
> whether the petition states a valid claim of the denial of a
> constitutional right and that jurists of reason would find it debatable
> whether the district court was correct in its procedural ruling.

Id.

The Magistrate Judge found, and the Court agrees, that a certificate of

appealability should be denied because it is not debateable that Petitioner fails to

assert claims warranting federal habeas relief.

## III.    CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Janet F. king's Final

Report and Recommendation [9] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner's Objections [11] are

**OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [1] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.


**SO ORDERED** this 2nd day of October, 2017.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE